UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AARON J. SCHATZINGER, | ) | CASE NO. 3:22-CV-2 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | DARRELL A. CLAY |
| | ) | |
| WARDEN ANTHONY DAVIS,[1] | ) | **OPINION AND ORDER ADOPTING** |
| | ) | **MAGISTRATE'S REPORT AND** |
| Respondent. | ) | **RECOMMENDATION** |

On January 3, 2022, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1). On May 29, 2024, Magistrate Judge Darrell A. Clay submitted a Report and Recommendation ("R&R"), recommending that the Court deny the petition and not grant Petitioner a certificate of appealability. (ECF No. 15).

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to an R&R within fourteen (14) days after service. On June 14, 2024, Petitioner filed a motion requesting an extension of time to file his objections. (ECF No. 17). Petitioner's motion stated he had not yet received the R&R and was only aware of the need for an extension because his family viewed the docket and informed him about the R&R. (*Id*. at PageID #804). Petitioner requested a 60-day extension of time to file objections by August 13, 2024. (*Id*. at PageID #803). His motion was dated June 6, 2024 and postmarked June 12, 2024. (*Id*. at PageID #804–05). Finding that his motion for extension was timely, the Court granted Petitioner an extension of time until August 13, 2024 to file any objections. (Order [non-document] dated 06/17/2024).

---

[1] Mr. Schatzinger's petition named Leon Hill, Warden, as the Respondent. However, Mr. Schatzinger is housed at the Trumbull Correctional Institution, where Anthony Davis is the warden. Thus, Warden Davis is automatically substituted as the proper Respondent. *See* 28 U.S.C. § 2243; Fed. R. Civ. P. 25(d).

1

A district court must conduct a *de novo* review of the portions of the R&R to which the parties objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt an R&R without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42, 149–50 (1985). Petitioner's objections were filed on August 15, 2024. (ECF No. 18). However, the objections were dated August 8, 2024 and postmarked on August 12, 2024, so the Court accepts them as timely. (*Id*. at PageID #821–22).

Petitioner submitted five objections. The first two objections challenge the Magistrate Judge's finding that the evidence to convict Petitioner on charges of permitting drug abuse and corrupting another with drugs was sufficient. (ECF No. 18, PageID #807–15). In the first objection, Petitioner argues, in part, that text messages he exchanged with the victim before the date of the offense, December 20, 2017, are not relevant evidence because the messages were not made "on or about" December 20, 2017. (*Id*. at PageID #807–10). Petitioner confuses the limited flexibility the law permits regarding the precise date of an alleged offense at the point of indictment with the relevancy of evidence arising outside of that date. Prosecutors are not restricted to presenting evidence that arises on or about the date of the alleged offense. *See, e.g.*, *United States v. Houston*, 813 F.3d 282, 291 (6th Cir. 2016) (Admitting relevant evidence from ten weeks prior to the "on or about" date of the indictment). Petitioner objects to the Magistrate Judge's reference to text messages exchanged from October 24, 2017 to December 4, 2017. (ECF No. 18, PageID #808). The Court finds the Magistrate Judge did not err by considering the text message evidence, so this portion of Petitioner's objection is overruled.

The remainder of Petitioner's first objection, as well as his entire second objection, merely restates and rehashes arguments already presented and considered. (ECF No. 15, PageID #773–87). "A general objection, or one that merely restates the arguments previously presented is not

sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Accordingly, the remainder of Petitioner's first objection and his second objection are also overruled. For the same reason, the Court overrules Petitioner's third[2] and fourth[3] objections.

In his fifth objection, Petitioner argues that the R&R improperly fails to review prosecutorial misconduct he alleges occurred during closing arguments of his trial. (ECF No. 18, PageID #819). He specifically alleges that the prosecutor urged the jury to convict "those responsible" for the drug trade to help protect "the country, state and their county from the **opioid epidemic**." (*Id.* at PageID #820) (emphasis in original). He also alleges the prosecutor commented that the detective who investigated Petitioner's case "**did a good job**." (*Id.*) (emphasis in original). Petitioner presented this argument in his traverse (ECF No. 13, PageID #752), but not in his initial habeas petition. (ECF No. 1). "It is well established that new arguments raised for the first time in a traverse, rather than the habeas petition itself, are not properly before the Court and will not be considered." *Wilson v. Tibbals*, No. 1:13-CV-00365, 2015 WL 1980714, at *7 (N.D. Ohio Apr. 30, 2015) (citing *Murphy v. Ohio*, 551 F.3d 485, 505 n.4 (6th Cir. 2009)); *Jalowiec v. Bradshaw*, 657 F.3d 293, 311–12 (6th Cir. 2011)). Thus, Petitioner's prosecutorial misconduct claim is not properly before this Court.

---

[2] Petitioner's third objection challenges the Magistrate Judge's recommendation that the jury would not have had to stack inferences upon inferences to convict Petitioner of corrupting another with drugs. (ECF No. 18, PageID #815). The Magistrate Judge evaluates this argument at length in the R&R. (ECF No. 15, PageID #785–87).

[3] Petitioner argues that the Magistrate Judge should not have found his conviction was constitutionally valid because no evidence showed that he furnished the victim with the drugs she overdosed on and there were no reasonable inferences to support that argument. (ECF No. 18, PageID #818). He also argues that the jury never reviewed whether Petitioner caused the victim's drug dependency. (*Id.*). The Magistrate Judge provides a thorough analysis of these points in the R&R, with which the Court finds no error. (ECF No. 15, PageID #781–87).

Even if the claim were properly before this Court, Petitioner has not met the standard required for the Court to grant his petition based on prosecutorial misconduct. The Court considers whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citing *Cook v. Bordenkircher*, 602 F.2d 117, 119 (6th Cir.), *cert. denied*, 444 U.S. 936 (1979)). To constitute the denial of a fair trial, prosecutorial misconduct must be "so pronounced and persistent that it permeates the entire atmosphere of the trial," *Id*. (citing *United States v. Thomas*, 728 F.2d 313, 320 (6th Cir. 1984), or "so gross as probably to prejudice the defendant." *Id*. (citing *United States v. Ashworth*, 836 F.2d 260, 267 (6th Cir. 1988)).

In this case, the prosecutor's remarks during closing arguments had little potential to mislead the jury. The remarks do not direct the jury to convict the Petitioner, but rather indicate that convictions hold those engaged in the drug trade responsible for their actions. (ECF No. 18, PageID #820). As the Sixth Circuit notes in *United States v. Solivan*, which Petitioner cites, "[u]nless calculated to incite the passions and prejudices of the jurors, appeals to the jury to act as the community conscience are not per se impermissible." 937 F.2d 1146, 1151 (6th Cir. 1991). A prosecutor's general plea for the conviction of guilty people, as Petitioner alleges occurred here, does not rise to the level of a calculated incitement of a jury's passions and prejudices. *Id.* at 1155. Neither does a prosecutor's comment that a detective did a good job. Accordingly, the Court finds that even if a prosecutorial misconduct claim were properly before the Court, Petitioner has not met the requisite standard.

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R, incorporates it fully herein by reference, and **DENIES** the Petition. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c). The Court **CERTIFIES** that an appeal from this decision could not be taken in good faith.

On June 4, 2024, Petitioner filed a motion for bond pending the review of his habeas petition, or, in the alternative, a motion for an expedited review of his habeas petition. (ECF No. 16). The motion is **DENIED** as **MOOT**.

    **IT IS SO ORDERED.**

    Date:  March 18, 2025

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**